IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. CR 13-43 |
| ) | |
| vs. ) | |
| ) | |
| DAEVON EVANS, ) | |
| ) | |
| Defendant. ) | |

## **PRELIMINARY ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1. As a result of the guilty plea entered by defendant on August 12, 2013, to Count 1 of the Indictment, for which the Government sought forfeiture pursuant to 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c), defendant shall forfeit to the United States:

all property involved in or used in any knowing violation of Title 18, United States Code, Sections 922(g)(3), and used or intended to be used in any manner or part to commit or facilitate the commission of the offense.

2. The Court has determined, based on the guilty plea entered by defendant on August 12, 2013, that the following firearm is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), that the defendant had an interest in such property, and that the government has established the requisite nexus between such property and such offense:

> A 9mm Smith & Wesson, model 5906 pistol bearing serial number VAS8829, seized from defendant on June 13, 2013, in Cedar Rapids, Iowa.

3. Upon entry of this Order, the United States (or its designee) is authorized to seize the firearm identified above, including any ammunition, if seized, whether held by the defendant or by a third party and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States shall publish notice of the order and of its intent to dispose of the property pursuant to Rule 32.2(b)(6) of the Rules of Criminal Procedure in accordance with Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure. The United States may also, to the extent practicable, send notice to any person known to have an alleged interest in the subject property pursuant to Rule 32.2(b)(6) and in accordance with Supplemental Rule G(4)(b)(iii-iv) of the Federal Rules of Civil Procedure.

6. Any person, other than the defendant, asserting a legal interest in the subject property may, within sixty (60) days from the first date of internet publication on www.forfeiture.gov, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the

order of forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

7. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues. When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56 pursuant to Fed.R.Crim.P. 32.2(c)(1)(B).

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

9. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk of Court shall forward one certified copy of this order to Assistant United States Attorney Martin J. McLaughlin, U.S. Attorney's Office, Northern District of Iowa.

DATED this 3d day of September 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA